Mr. Robert A. Ginsburg County Attorney, Dade County Suite 2810 Metro-Dade Center 111 Northwest First Street Miami, Florida 33128-1993
Dear Mr. Ginsburg:
You ask substantially the following questions:
1) Does the term "general public" in s. 316.1956(1), include employees, individuals with assigned parking, etc.?
2) If not, are businesses providing parking spaces only for their employees required to provide parking for the handicapped?
3) If a business has one parking area for employees and another parking area for visitors, customers or clients, is the business required to provide handicapped parking in its employee parking area as well as its "public" parking area?
In sum, I am of the opinion that:
1) The term "parking for the general public" in s. 316.1956(1), F.S., which requires commercial real estate property owners offering parking for the general public does not include parking specifically limited to specified individuals or groups of individuals. 2) A business, providing parking spaces for its employees only, does not offer parking for the general public and thus is not covered by the terms of s. 316.1956(1), F.S. 3) If parking is offered by a business to the general public, the business is required to provide handicapped spaces. To the extent, however, that the business offers parking to the general public in one area and provides handicapped parking in such area as required by s. 316.1956, F.S., and provides parking in different area for employees only, I cannot state that the business is required to provide handicapped parking in the area not open to the general public.
As your questions are interrelated, they will be answered together. Section 316.1956(1), F.S., as amended by s. 3, Ch. 89-97, Laws of Florida,[1] provides:
Any commercial real estate property owner offering parking for the general public shall provide specially designed and marked motor vehicle parking spaces for the exclusive use of physically disabled persons who have been issued parking permits pursuant to s. 316.1958 or s. 320.0848. The minimum number of such parking spaces shall be as provided in s. 316.1955(2)(c).
In light of the foregoing statute, you ask about the interpretation of the term "general public."[2] In the absence of a statutory definition, words within a statute are to be given their plain and ordinary meaning.[3] The term "general" has been defined as "applicable to every one in the unit referred to: not exclusive or excluding . . . not limited to a particular class . . . ."[4] The term has also been defined as "open or available to all, as opposed to select; . . . unbounded, as opposed to limited."[5] The term "public" is also a broad term, generally referring to "the community at large,"[6] "the body of the people at large; . . . individuals in general without restriction or selection."[7]
Based upon the above, "parking for the general public" would appear to refer to those parking facilities which are not specifically limited to designated individuals or groups of individuals. Thus, a commercial real estate property owner offering parking only for its employees or tenants, would not, in my opinion, be offering parking for the general public, and, accordingly, would not be subject to the requirements of s. 316.1956, F.S.
You also ask whether a commercial real estate property owner offering parking to the general public in one area and offering parking in a different area limited to its employees only, is required to provide handicapped parking not only in the parking area available to the general public but also in the area not open to the general public. I find no evidence in my review of the statute which indicates that the Legislature sought to give the handicapped greater rights to park in an area than those possessed by the general public. Rather it appears that the statute seeks to ensure that where parking for the general public is available, there will also be spaces available for the handicapped to park.
Accordingly, I am of the opinion that if parking is offered by a commercial real estate property owner to the general public, the owner is required to provide handicapped spaces in accordance with the terms of s. 316.1956, F.S. To the extent, however, that the owner offers parking to the general public in one area and provides handicapped parking in such area as required by s. 316.1956, F.S., and provides parking in a different area for employees only, I cannot state that the business is required to provide handicapped parking in the area not open to the general public.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Effective January 1, 1990.
[2] You raised two other questions regarding the interpretation of s. 316.1956(1), F.S., as amended. These two issues, however, relating to the retroactive application of the amendment and the interpretation of the term "commercial" were addressed in a declaratory statement rendered by the Department of Highway Safety and Motor Vehicles upon application of the county. The declaratory statement held that the provisions of s. 316.1956, F.S., as amended by Ch. 89-97, Laws of Florida, operate prospectively on new construction or alterations occurring after the effective date of the act. In addition, the department concluded that the term "commercial real estate property" referred to owners of land on which a business for profit is located, which business offers parking to the general public. In light of the declaratory statement and the provisions of s. 120.68, F.S., providing for judicial review of the declaratory statement, this office deferred to the department's declaratory statement and concluded that it would be inappropriate for this office to interject itself into matters which were the subject of the declaratory statement. See, letter from Robert A. Butterworth, Attorney General, to Robert A. Ginsburg, County Attorney, dated April 12, 1990.
[3] See, Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984) (where statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning); Citizens of State v. Public Service Commission, 425 So.2d 534 (Fla. 1982).
[4] Webster's Third New International Dictionary 944 (unabridged ed. 1981). And see, The Random House Dictionary of the English Language 589 (unabridged ed. 1967) (not limited to one class, field, product, service, etc.; miscellaneous).
[5] Black's Law Dictionary 812 (4th revised ed. 1968).
[6] Black's Law Dictionary 1393 (4th revised ed. 1968).